**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **RICARDO ESPINOZA-MARQUEZ,** | § | |
| | § | |
| **Petitioner/Defendant,** | § | |
| | § | **CRIM. ACTION NO. V-8-81** |
| **v.** | § | **CIVIL ACTION NO. V-10-19** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Respondent/Plaintiff.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is Petitioner Ricardo Espinoza-Marquez's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 43).[1]  The Court ordered the government to respond, (Dkt. No. 44), and the government filed an answer and motion to dismiss. ( Dkt. No. 52).  To date, Petitioner has not filed a reply, and the time for doing so has passed.  For the reasons set forth herein, the Court DENIES Petitioner's § 2255 motion, and GRANTS the government's motion to dismiss.  Additionally, the Court DENIES Petitioner a Certificate of Appealability.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**Background**

Petitioner pled guilty on November 3, 2008, to unlawful re-entry into the United States. He was sentenced on April 6, 2009, to seventy-seven months in prison, followed by three years of supervised release, and ordered to pay a $100 special assessment.  (Dkt. No. 26).  Petitioner timely filed notice of appeal on April 14, 2009.  (Dkt. No. 28).  Petitioner's appellate counsel

---

[1]Docket entry references are to criminal case number V:8-cr-81.

moved for leave to withdraw and filed a brief with the United States Court of Appeals for the Fifth Circuit in accordance with *Anders v. State of Cal.*, 386 U.S. 738 (1967). (Dkt. No. 40). The Fifth Circuit granted counsel's motion for leave to withdraw and dismissed the appeal on December 15, 2009. *Id.* Petitioner filed the instant motion on March 15, 2010. (Dkt. No. 43).

**Petitioner's Allegations**

The Court agrees with the United States' assessment that the motion includes only two grounds for relief. First, Petitioner argues that his trial counsel rendered ineffective assistance by failing to prepare a meaningful defense and conspiring with the prosecutor to deprive him of due process. (Dkt. No. 43 at 7).

Second, he argues that his appellate counsel rendered ineffective assistance by failing to consult with him regarding his case and respond to a letter discussing a case Petitioner read pertaining to an enhancement of his sentence. (*Id.* at 7 & 9).

In its response, the government argues that the claims in Petitioner's motion are without merit, as he does not present facts in support of any of his conclusory allegations. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (stating that while pro se litigants are entitled to a liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue"). The government further argues that the record supports its position that Petitioner is not entitled to relief.

For the reasons set forth herein, the Court concludes that Petitioner's claims do not entitle him to relief. It therefore DENIES his motion.

**Evidentiary Hearing**

A hearing is not required to dispose of a § 2255 petition if "'the motion, files, and record

2

of the case conclusively show that no relief is appropriate.'"  *United States v. Samuels*, 59 F.3d

526, 530 (5th Cir. 1995) (quoting *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)); *see*

*also United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (concluding that if the record is

adequate to fairly dispose of the petition, no hearing is required).  No evidentiary hearing is

required in this case.

### Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set

aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the

statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28

U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28

U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and would, if condoned, result in a

complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

To make out a claim for ineffective assistance of counsel, Petitioner must show

objectively deficient performance and resulting prejudice in order to obtain relief.  *See Strickland*

*v. Washington*, 466 U.S. 668, 691-92 (1984).

### Analysis

Petitioner's defense counsel, Jose I. Gonzalez-Falla, stated in his Affidavit that:

> At no time did I conspire with the government to deprive Espinoza of due process.
> Moreover, the immigration file produced by the government through discovery
> clearly established his guilt of the charges. . . . . Given the overwhelming evidence
> of guilt, Espinoza chose to plead guilty and make a plea for mercy to the district
> court.  My focus as Espinoza's attorney was to mitigate his punishment and make
> sure that the pre-sentence investigation report (PSR) was correctly written.

(Dkt. No. 51 at 2).

Moreover, during Petitioner's sentencing hearing, Mr. Falla notified the Court that his client "would like a second opinion about [his sentence]." (Dkt. No. 35 at 3). The Court asked Petitioner: "Do you want another lawyer to give you another opinion about what your sentence is likely to be? I realize it's a long sentence under the guidelines, but that's what Congress decided should be applied." (*Id.* at 4). Petitioner replied: "I don't want another lawyer." (*Id.*). *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) ("It is well established that "[s]olemn declarations in open court carry a strong presumption of verity.'" (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Because Petitioner has not shown that his trial counsel's performance was deficient under *Strickland*, it is unnecessary to show prejudice. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

With respect to Petitioner's appellate counsel, Assistant Federal Public Defender Sarah Beth Landau stated in her Affidavit that she provided Petitioner with written updates in English and Spanish "about what to expect in his appeal, the progress of his appeal, all materials submitted to the court of appeals and the decision of the court, as well as his transcripts at the conclusion of the case." (Dkt. No. 50, Ex. 1 at 2). Ms. Landau stated that she spoke to Petitioner once by telephone about his case, "letting him know that [she] did not find any non-frivolous issues on appeal." (*Id.*). She also stated that, "[a]ccording to our file, we never received the letter Mr. Espinoza-Marquez sent discussing the Lopez-Salas case." (*Id.*).

Ms. Landau avers that she reviewed the record on appeal for possible issues to appeal

4

prior to filing Petitioner's brief with the Fifth Circuit and that she "specifically reviewed the 'drug trafficking' enhancement based on [Petitioner]'s prior Iowa convictions for delivery of a controlled substance . . . as a possible issue, but abandoned it in light of United States v. Gonzales, 484 F.3d 712, 715 (5th Cir. 2007) . . . . This discussion appears at pages twelve and thirteen of the brief." (*Id.*).  In spite of Ms. Landau's diligent review of the record and prevailing law, she could not find a nonfrivolous issue on appeal.  (*Id.*).[2]

Accordingly, Petitioner has also failed to show that his appellate counsel's performance was deficient under *Strickland*.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA").  28 U.S.C. § 2253(c)(1)(B).  Although Petitioner has not filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

To obtain a COA, Petitioner must make a "substantial showing of the denial of a

---

[2]In Petitioner's § 2255 motion he alleges that "I found out about, [sic] that the prior convictions used in my sentencing date, were not aggravated felonies, because they are for marihuana and the 5th circuit court of appeals said, that they are not."  (Dkt. No. 43 at 5).  That allegation could be interpreted as a claim that Petitioner's sentence is illegal.  To the extent that Petitioner is making such a claim, it is not cognizable in a § 2255 action.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (claims that the sentencing guidelines were misapplied are not cognizable in a § 2255 motion).

constitutional right." *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998).  To make such a showing, Petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.  *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998).  For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right.  The issuance of a COA in this action is DENIED.

**Conclusion**

For the above-stated reasons, Petitioner's motion under 28 U.S.C. § 2255, (Dkt. No. 43), is DENIED, and the government's motion to dismiss is GRANTED, (Dkt. No. 52).  The Court also DENIES Petitioner a Certificate of Appealability.

It is so ORDERED.

Signed this 10th day of August, 2010.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE